UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILSON VASQUEZ,
*Plaintiff*,

v.

UNITED STATES,
*Defendant.*

No. 3:21-cv-00588 (VAB)

**RULING ON PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Wilson Vasquez ("Petitioner"), currently incarcerated at the Federal Correctional Institution, Fort Dix, and proceeding *pro se*, moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot. to Vacate, Set Aside, or Correct Sentence, ECF No. 1 ("Mot."). To date, the Government has not filed a response to Mr. Vasquez's motion.

For the following reasons, Mr. Vasquez's motion to vacate, set aside, or correct the sentence is **DENIED.**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 20, 2016, Mr. Vasquez pled guilty to one Count of a superseding indictment charging him with conspiracy to possess with intent to distribute, 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 841(b)(1)(B)(i), and 846. Plea Agreement, *Vasquez v. United States*, 3:15-cr-00120-VAB (D. Conn. Sept. 20, 2016), ECF No. 497 ("Plea Agreement").

Petitioner alleges that before signing the plea agreement, his court-appointed counsel approached him with the plea offer. Def.-Pet.'s Mem. of Law in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence at 5, ECF No. 1-1 ("Mem."). Defense counsel explained that the offer

1

provided several favorable stipulations, along with an oral promise by the Government to recommend no more than 120 months, which was a sentence below the Guidelines. *Id*. at 5. Mr. Vasquez subsequently accepted and entered the guilty plea. *Id.* at 6; Plea Agreement.

At sentencing, on June 30, 2017, the Government recommended 151 months of imprisonment, which was at the high end of the range provided by the Sentencing Guidelines. Ultimately, the Court sentenced Mr. Vasquez to a term of imprisonment of 151 months, a four-year term of supervised release, and a special assessment of $100. J., *United States v. Vasquez*, 315-cr-00120-VAB (D. Conn. June 30, 2017), ECF No. 757.

On August 29, 2018, Mr. Vasquez appealed his sentence on the grounds that his sentence was substantively unreasonable. *United States v. Albarran*, 943 F.3d 106, 110 (2d. Cir. 2019). On appeal, Mr. Vasquez argued that the District Court failed to afford adequate weight to his difficult childhood, the strong familial network that was supporting him at that time, and his low criminal history. *Id.* at 117. The Second Circuit affirmed the District Court's sentence, identifying no error in the Court's assessment of the § 3553(a) factors. *Id.*

On July 6, 2020, Mr. Vasquez, appearing *pro se*, moved for compassionate release, under 18 U.S.C. § 3553(a), requesting that the Court "reduc[e] his sentence to time-served and impos[e] a term of Supervised Release with a home detention condition for the remainder of his original term of incarceration[.]" Mot. for Compassionate Release at 1, *United States v. Vasquez*, 3:15-cr-00120-VAB (D. Conn. July 6, 2020), ECF No. 853. Petitioner argued that his "underlying medical conditions, coupled with the fact that he is incarcerated in a prison with a COVID-19 outbreak, place[d] [him] at unreasonable risk of serious illness or death." *Id.* at 3.

On July 14, 2020, the Government opposed Mr. Vasquez's motion for compassionate release, arguing that, even if the Court found his health conditions compelling, Mr. Vasquez was

not a suitable candidate for release because he has been a danger to the community. Mem. in Opp'n, *United States v. Vasquez*, 3:15-cr-00120-VAB (D. Conn. July 14, 2020), ECF No. 854.

On July 17, 2020, the Court appointed counsel to Mr. Vasquez to represent him for his motion for compassionate release. Order, *United States v. Vasquez*, 3:15-cr-00120-VAB (D. Conn. July 17, 2020), ECF No. 855.

On August 7, 2020, Mr. Vasquez, with the assistance of counsel, filed a reply arguing that having a BMI over 30, as Mr. Vasquez does, is an extraordinary and compelling reason for a sentence reduction. Reply, *United States v. Vasquez*, 3:15-cr-00120-VAB (D. Conn. Aug. 7, 2020), ECF No. 861.

On August 24, 2020, the Court held a telephonic motion hearing. Min. Entry, *United States v. Vasquez*, 3:15-cr-00120-VAB (D. Conn. Aug. 24, 2020), ECF No. 866.

On September 1, 2020, the Court denied Mr. Vasquez's motion for compassionate release on the grounds that the § 3553(a) factors weighed against Mr. Vasquez's release. Ruling on Mot. for Compassionate Release, *United States v. Vasquez*, 3:15-cr-00120-VAB (D. Conn. September 1, 2020), ECF No. 868.

On April 29, 2021, Mr. Vasquez filed a motion to vacate, set aside, or correct his sentence. Mot. Mr. Vasquez argues that before his plea agreement, he received ineffective assistance of counsel. Mem. at 5–6. Mr. Vasquez also argues that he was deprived due process of law because he did not knowingly or voluntarily sign the plea agreement. Mem. at 8. Lastly, Mr. Vasquez argues that the Government breached the contract between it and Mr. Vasquez. Mem. at 13. To date, the Government has not filed a response.

II.     **STANDARD OF REVIEW**

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). District courts, however, may "exercise their common sense," *Machibroda v. United States*, 368 U.S. 487, 495 (1962), and may draw upon personal knowledge and recollection of the case, *see Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1997); *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990). "Thus, a § 2255 petition may be dismissed without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017). "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)).

With *pro se* litigants, this Court must liberally construe their filings to raise the "strongest arguments it suggests." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

**III. DISCUSSION**

Mr. Vasquez raises several grounds to challenge his sentence. The Court construes Mr. Vasquez to be raising the following constitutional violations: (1) ineffective assistance of counsel with respect to his first court-appointed counsel; (2) deprivation of Due Process based on an unknowing and involuntary plea; and (3) breach of his plea agreement. Mot. at 5–8.

The Court will address each issue in turn.

**A. The Ineffective Assistance of Counsel Claim**

Mr. Vasquez must satisfy the two-part standard established by *Strickland v. Washington* to prevail on an ineffective assistance of counsel claim. 466 U.S. 668 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"). For the first prong, Mr. Vasquez must show that counsel's performance was deficient. *Strickland*, 466 U.S. 668 at 687. To meet the second prong, Mr. Vasquez must show that the alleged deficiency prejudiced him. *Id*. If Mr. Vasquez does not make both showings, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

Mr. Vasquez argues that defense counsel's performance was deficient because counsel falsely informed Mr. Vasquez that the Government made an oral promise to recommend a sentence below the Sentencing Guidelines range. Mem. at 5. Furthermore, Mr. Vasquez alleges that this deficiency prejudiced him because it induced him to plead guilty instead of proceeding to trial. *Id.* at 10.

### 1. Deficient Performance

To meet *Strickland*'s first prong, Mr. Vasquez must show that counsel's performance was deficient, or in other words, that "the acts or omissions of trial counsel 'were outside the wide range of professionally competent assistance.'" *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020) (quoting *Strickland*, 466 U.S. at 690). There is "a strong presumption" that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, at 689–90. Thus, the standard to establish ineffective assistance of counsel is "rigorous and presents a high bar because courts apply a presumption of effective performance." *United States v. Melhuish*, 6 F.4th 380, 393 (2021).

Mr. Vasquez argues that counsel's performance was deficient because defense counsel allegedly falsely informed him that the Government agreed to recommend a sentence of no more than ten years, which would have been a recommendation below the Sentencing Guidelines range. Mem. at 11. Mr. Vasquez also argues that his counsel's failure to demand that the Government abide by this alleged promise during his sentencing hearing was ineffective assistance of counsel. *Id.* at 9.

The Court disagrees.

In cases asserting an ineffective assistance of counsel claim during the plea stage, courts focus on "whether the defendant was aware of actual sentencing possibilities." *Francisco v. United States*, 115 F. Supp. 3d 416, 421 (S.D.N.Y. 2015) (citing *United States v. Arteca,* 411 F.3d 315, 320 (2d Cir.2005)); *see also Hsu v. United States*, 954 F. Supp. 2d 215, 221 (S.D.N.Y. 2013) ("Hsu also stated that he had discussed the U.S. Sentencing Guidelines with [his attorney] and that any estimate or prediction as to his sentence was not a guarantee since the trial court had

discretion to determine the sentence . . . . Thus, his ineffective assistance claim based on [his attorney's] sentencing estimates cannot prevail.").

Counsel's performance may be deficient if the defendant is persuaded to plead guilty based on false promises or assurances that the judge will impose a particular sentence. *See Mosher v. Lavallee*, 491 F.2d 1346, 1347 (2d Cir. 1974) (per curiam) (affirming the district court's finding of deficiency where "a false statement by defense counsel to Mosher that a promise of a minimum sentence had been made by the judge who thereafter imposed the maximum sentence"). Mr. Vasquez's case, however, is distinguishable from *Mosher* because while defense counsel allegedly "told Mr. Vasquez that the agreement came with a promise from the government to recommend 'no more than 10 years' regardless of the Guidelines range," defense counsel did not make any promise or assurance that the judge would impose a particular sentence. Mem. at 5.

Moreover, counsel's performance is generally not considered deficient even if counsel made an incorrect estimation or prediction of sentencing before the defendant pleads guilty. *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989). This is particularly true when the petitioner confirms during his plea allocution that he understands the terms of the written plea agreement. *See Francisco*, 115 F. Supp. 3d at 423 ("As to Francisco's allegations regarding his lack of understanding of the Plea Agreement, those are plainly contradicted by the record."); *LaMarco v. United States*, 336 F. Supp. 3d 152, 170 (E.D.N.Y. 2018) (finding the petitioner's ineffective assistance of counsel claim was meritless because it was "directly contradicted by his guilty plea allocution"); *Hsu*, 954 F. Supp. 2d at 221 ("Any allegations a defendant makes in a § 2255 petition 'cannot overcome his contrary statements under oath during a plea allocution,

which must be given presumptive force of truth.'" (quoting *United States v. Hernandez,* 242 F.3d 110, 112–13 (2d Cir. 2001) (per curiam))).

Here, defense counsel allegedly represented that the Government would recommend a certain sentence at sentencing, which functioned as a mere "estimate reflecting what he believed the likely range would be," based on the Government's promise. *Sweeney*, 878 F.2d at 68.

During Mr. Vasquez's plea colloquy, however, he testified under oath to the following: (1) that the Court could "impose a sentence more severe than [he] may expect, *United States v. Vasquez*, 3:15-cr-00120-VAB (D. Conn. Sept. 25, 2017), ECF No. 769 ("Tr. of Guilty Plea") (answering "Yes, your Honor" to this question); (2) that "the written plea agreement and the other matters . . . discussed . . . fully and accurately reflected his understanding of the agreement he entered into with the government," *id.* at 34 (answering "Yes, your Honor" to this question); and (3) "other than the promises contained in the written agreement" no other promises caused him "to plead guilty," *id.* at 35. Mr. Vasquez also testified that he was satisfied with the representation he had been provided and that he understood the sentencing possibilities that he faced after pleading guilty. *Id.* at 7, 21–24. Similar to *LaMarco* and *Hsu*, this testimony, and its contradiction to Petitioner's present assertions that he received an oral promise from the Government, show that defense counsel's performance was not deficient because Mr. Vasquez "cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth." *Hernandez,* 242 F.3d at 112–13.

Accordingly, the Court finds that Mr. Vasquez has not met his burden of establishing the first *Strickland* prong.

### 2. Prejudice

Even if Mr. Vasquez had satisfied the first *Strickland* prong, he cannot establish prejudice. To meet *Strickland*'s second prong, Mr. Vasquez must show that the alleged deficiency prejudiced him, or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Nolan*, 956 F.3d at 79 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Kovacs v. United States*, 744 F.3d 44, 51 (2d Cir. 2014) (citing *Strickland*, 466 U.S. at 694). This requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

Mr. Vasquez argues that defense counsel's statement, which alleged that the Government made an oral promise to recommend a sentence lower than the one that was recommended at sentencing, prejudiced him because, without the Government's oral promise, he would not have plead guilty and would have proceeded to trial. Mem. at 10. Mr. Vasquez supports his argument that he "demanded trial consistently" by pointing to evidence that the plea agreement was signed on the morning that jury selection was set to commence. *Id.* at 10–11. In Mr. Vasquez's view, this demonstrates that, but for defense counsel's statement about the Government's oral promise, the outcome would have been different. *Id.* at 13.

The Court disagrees.

In cases asserting an ineffective assistance of counsel claim during the plea stage, prejudice is shown when "there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "In determining whether a different outcome sufficiently demonstrates prejudice, [the court]

9

must keep in mind that 'a defendant has no right to be offered a plea, nor a federal right that the judge accept it.'" *Kovacs*, 744 F.3d at 52 (quoting *Missouri v. Frye*, 566 U.S. 134, 148–49 (2012)).

Determining prejudice is a "context-specific" inquiry, *id.*, and the context surrounding Mr. Vasquez's guilty plea reveals that he was not prejudiced.

"In determining whether the assertions in a § 2255 motion warrant discovery or a hearing, the court must . . . take into account admissions made by the defendant at his plea hearing, for '[s]olemn declarations in open court carry a strong presumption of verity.'" *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013 (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also Foster v. United States*, No. 3:97-CV-286 (AHN), 1998 WL 386482, at *13–14 (D. Conn. June 12, 1998) ("[T]here is no merit to the Petitioner's claim that he relied on counsel's representation . . . because he stated at the plea hearing that no promises or predictions had been made to him in this regard.").

Furthermore, in cases where "counsel misadvised the Petitioner in some way regarding his potential sentence, this error [is] cured by the Court's thorough questioning of the Petitioner throughout the plea allocution and the fact that the potential sentences were laid out in the Plea Agreement and in the allocution." *LaMarco*, 336 F. Supp. 3d at 170 (citing *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992)).

Mr. Vasquez's assertion that defense counsel's statement prejudiced him falls short because, as was the case in *Hill*, Mr. Vasquez has not sufficiently proved that, absent the alleged oral promise, he would have declined the plea offer and insisted on going to trial. *Hill*, 474 U.S. at 59. In fact, the record supports the opposite conclusion. Similar to the Petitioner in *Foster*, during his plea colloquy, Mr. Vasquez affirmed under oath that he had not been promised

anything other than what was reflected in the written plea agreement in exchange for pleading guilty. Tr. of Guilty Plea at 35. Therefore, Mr. Vasquez's assertion that he relied on a promise outside of the written agreement when he made the decision to plead guilty has no merit.

Even if defense counsel did inform Mr. Vasquez of an oral promise from the Government, as was the case in *LaMarco*, this error was "cured" by the Court's thorough questioning during Mr. Vasquez's plea colloquy and by the fact that the potential sentences were explicitly included in the written Plea Agreement. Tr. of Guilty Plea at 21–24; Plea Agreement at 2–4; *see also LaMarco*, 336 F. Supp. 3d at 170 (finding that, although "counsel misadvised the Petitioner in some way regarding his potential sentence, this error [is] cured by the Court's thorough questioning of the Petitioner throughout the plea allocution and the fact that the potential sentences were laid out in the Plea Agreement and in the allocution."). Therefore, defense counsel's performance was not prejudicial.

Accordingly, Mr. Vasquez has not met his burden of establishing the second *Strickland* prong.

### B. The Deprivation of Due Process Claim: An Alleged Unknowing and Involuntary Plea

"A guilty plea operates as a waiver of constitutional rights, including the rights to a jury trial and against self-incrimination, and it is therefore valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Mr. Vasquez therefore must demonstrate that his guilty plea was entered unknowingly and involuntarily to prevail on his due process claim.

Mr. Vasquez argues that his plea was unknowing and involuntary because counsel informed him that the agreement came with the Government's promise to recommend a sentence on the low-end of the Sentencing Guidelines. Mem. at 18. He further asserts, in the case that the Government refutes that such a promise was made, that defense counsel "miscommunicated the direct consequences and benefits of the plea," thereby rendering it unknowing and involuntary. *Id.*

The Court disagrees.

"An erroneous sentence estimate by defense counsel does not render a plea involuntary." *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 108 (2d Cir. 1970) (quoting *U.S. ex rel. Bullock v. Warden, Westfield State Farm for Women*, 408 F.2d 1326, 1330 (2d Cir. 1969)); *see also Johnson v. Disher*, No. 04-CV-5120, 2006 WL 1912737, at *5 (E.D.N.Y. July 11, 2006) (finding that the defendant's counsel's advice that "the judge would likely give him 'conservative time' if he waived his right to a jury trial" could not support the defendant's due process claim where "[t]he record in this case show[ed] that [the defendant] repeatedly stated in open court that nobody had forced, threatened, or coerced him into waiving his right to a trial by jury").

Predictions made by attorneys that are "couched in the language of hope rather than of promise and [are] merely estimates made in good faith as to what he thought would result" do not constitute sufficient coercion such that a defendant's plea would be considered involuntary. *Mancusi*, 429 F.2d at 108.

Additionally, "a defendant's later self-serving statements which contradict his unequivocal allocution testimony do not satisfy his burden to 'raise a significant question about the voluntariness' of his plea." *Almeida v. United States*, Nos. 99 Civ. 12282 (SWK), 97 CR

1249 (SKW), 2001 WL 1478804, at *1 (S.D.N.Y. Nov. 20, 2001) (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir.1997)); *see also United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992) ("[T]he District Court could properly reject Gonzalez' unsupported allegations that his plea was the result of reliance on his attorney's incorrect characterization of the agreement and transmittal of an alleged promise made by the prosecutor," because the defendant "stated unequivocally that he had read the cooperation agreement and was familiar with its content, and that no other offers had been made to him to induce his plea."); *United States v. Overton*, 24 F.4th 870, 879 (2d Cir. 2022) ("A criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." (citations and quotation marks omitted)).

Here, defense counsel's alleged statement that the Government had made an oral promise to recommend a certain sentence was merely an estimate "made in good faith as to what he thought would result" at sentencing, and therefore, does not demonstrate that Mr. Vasquez was coerced into pleading guilty. *Mancusi*, 429 F.2d at 108; *see also James v. United States*, No. 3:02-cr-334 (PCD), No. 3:05-cv-1365 (PCD), 2006 WL 1821771, at *18–19 (D. Conn. June 30, 2006) (finding that defense counsel's estimation of possible outcomes, including the "blunt rendering of a negative assessment of Petitioner's chances at trial, combined with advice to enter the plea, do not constitute improper behavior or coercion that would suffice to invalidate his guilty plea").

Mr. Vasquez's assertion that his plea was involuntary and unknowing is specifically refuted by his affirmations, made under oath at the plea allocution, that he was satisfied with his attorney's representation of him, that he discussed with his attorney the consequences of

13

pleading guilty, that he understood the contents of the plea agreement, and that he was not coerced into entering into the plea agreement or pleading guilty. Tr. of Guilty Plea at 7, 12, 23–24, 35. Therefore, during the plea allocution, Mr. Vasquez demonstrated that he was pleading guilty "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw*, 545 U.S. at 183 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

Accordingly, the Court will deny Mr. Vasquez's due process claim.

### C. The Breach of Contract Claim

Generally, plea agreements are interpreted according to principles of contract law. *United States v. Salcido-Contreras*, 990 F.2d 51, 52 (2d Cir. 1993). A promise made by a prosecutor to induce a plea agreement must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

Mr. Vasquez argues that the Government breached a contract with him by failing to uphold its oral promise to recommend no more than ten years in prison at sentencing and, instead, recommending a sentence at the high end of the Guidelines. Mem. at 14–15. Mr. Vasquez also argues that this failure to perform is sufficient to invalidate his sentence under § 2255. *Id*.

The Court disagrees.

A breach of contract may be found when the Government argues for a harsh sentence after formerly agreeing in the written plea agreement to "take no position" at sentencing. *United States v. Corsentino*, 685 F.2d 48, 49 (2d Cir. 1982). This type of breach of contract claim, however, has typically been applied to specific promises made in written plea agreements. *See,*

*e.g.*, *United States v. Sehgal*, 480 F. App'x 16, 21–22 (2d Cir. 2012) (finding that the written plea agreement only "precluded the government from advocating for a Guidelines sentence generally, as opposed to one below the Guidelines" and therefore, the government's "comments . . . in response to [the defendant's] request for a non-Guidelines sentence of restitution" were not a breach of contract).

Mr. Vasquez's case is distinguishable, however, from *Corsentino* because the Government did not promise Mr. Vasquez in the written plea agreement that they would refrain from taking a certain position at sentencing. Plea Agreement. Moreover, Mr. Vasquez did not alert the court, during his plea allocution or during sentencing, of any promises that were made outside of the plea agreement. Tr. of Guilty Plea; Tr. of Sentencing Hrg, *United States v. Vasquez*, (D. Conn. June 21, 2017), ECF No. 763. Indeed, Mr. Vasquez affirmed that no promises were made outside of the written plea agreement. Tr. of Guilty Plea at 35 ("The Court: And, other than the promises contained in the written agreement, has anyone made any promises that are causing you to plead guilty, sir? The Defendant: No, your Honor."). Therefore, the Government did not breach any of the terms in the written plea agreement, and the available remedies that Mr. Vasquez requests are not applicable.

Accordingly, Mr. Vasquez's breach of contract claim will be denied.

### IV.   CONCLUSION

For the reasons explained above, the motion to vacate, set aside, or correct Mr. Vasquez's sentence is **DENIED.**

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of April, 2023.

                                                          /s/ Victor A. Bolden
                                                          Victor A. Bolden

United States District Judge